GEORGE A. ASH *vs.* GEORGE S. McVEY.

*Office and Officer—Vacancy—Executive Appointments to Fill Vacancies—Right of Officer to Hold Over After Term Until Qualification of Successor—Adjournment of Senate Without Confirming Appointment—Statutory Office—School Commissioner—Constitutional Law.*

When an office is created by statute and not by the Constitution, the Legislature may authorize the Governor to appoint to the same without confirmation by the Senate, or to fill vacancies in the same without confirmation. And where the Governor is authorized to fill a vacancy in the statutory office for the balance of the unexpired term of the incumbent, such appointment is not within the Constitution. Art. 2, sec. 11, which provides that the commissions of officers appointed during a recess of the Legislature shall continue in force only until the end of the next session of the Legislature.

When an officer is appointed for a definite term, he is entitled to hold over after the expiration thereof and until his successor is duly qualified, unless there be some clear provision of law in the particular case which operates as an ouster at the end of the term.

When a person is appointed to an office for a definite term and until his successor shall qualify, and when such successor can only be appointed, except in the case of vacancy, by the Governor with the consent of the Senate, and the Governor's nomination of a successor is not confirmed by the Senate, then upon the expiration of the incumbent's term of office during a recess of the Senate, the Governor is not authorized to appoint a successor because there is no vacancy in the office.

When the Governor is authorized to fill a vacancy in an office, the vacancy must exist before the power of appointment can be exercised, and the act of the Governor in appointing a successor to a person rightfully holding over in office because there is no qualified successor cannot create a vacancy.

The Act of 1892, chap. 341, provided that in certain counties the Governor should appoint, with the consent of the Senate, a board of three school commissioners; one to serve for two, one for four and one for six years from August 1st ensuing and until their successors should qualify, and that thereafter the Governor should appoint at every session of the Legislature, with the consent of the Senate, one commissioner to serve for six years. Another section of the Act pro -

vided that in case of the death, resignation, &c., of a commissioner during a recess of the Legislature, the Governor should have power to appoint a person to fill the vacancy for the unexpired term. During the session of the Legislature a party was appointed a commissioner for Cecil County for four years from August 1st, 1892, and the appointment was confirmed by the Senate. In December, 1892, during a recess of the Legislature, this commissioner resigned and A. was appointed by the Governor for the balance of the term of four years for which his predecessor had been appointed, *i. e.*, till August 1st, 1896. At the session of the Legislature in 1896 the Governor named a person as A.'s successor from that time, but the Legislature adjourned without having taken any action upon the nomination. In July, 1896, during a recess of the Senate, the Governor appointed M. as commissioner in the place of A. for the term of six years from August 1st. Upon petition for a *mandamus* to recover the office by M. against A., *Held,*

1st. That under the statute A. was entitled to hold the office till August 1st, 1896, and until his successor was duly appointed by the Governor and the Senate, and that no such appointment having been made, he continued in office after August 1st and there was no vacancy in the office.

2nd. That when an appointment is made to fill a vacancy and for the unexpired term, such appointee holds in the same manner as the person whose place he takes held, namely, for the residue of the term and until his successor shall qualify.

3rd. That all appointments of school commissioners to begin new terms must be made by the concurrent act of the Governor and Senate, and the Governor can appoint alone only in case of a vacancy occurring during a recess of the Legislature.

Appeal from an order of the Circuit Court for Cecil County (RUSSUM, C. J., and STUMP, J.), sustaining a demurrer to defendant's answer to the petition for a *mandamus*, and directing a peremptory *mandamus* to issue commanding the appellant, Ash, to vacate the office of school commissioner for Cecil County held by him and surrender the same to the appellee.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*John S. Wirt* and *Charles C. Crothers* for the appellant.

The Governor of this State on the 26th day of July, 1896, appointed the appellee, George S. McVey, to be school com-

missioner for Cecil County for the term of six years from August 1st, 1896, *vice* George R. Ash, whose term it was alleged expired on the 31st day of July, 1896. The appellant, George R. Ash, was appointed and commissioned by the Governor to be school commissioner for Cecil County the 7th day of December, 1892, in the place of George Biddle, resigned, and to hold the said office for the balance of the term of four years for which said George Biddle was appointed, which would have expired July 31st, 1896, or when his successor was duly appointed and qualified, and under this appointment the appellant has continued and yet continues to discharge the duties of said office.

The decision of the lower Court necessarily involved the determination that Mr. Ash is not entitled to hold said office, and that Mr. McVey is entitled to hold the same, and the decision has been brought to this Court for review. The appeal is from the action of the Court in ruling good the demurrer to the answer of the defendant, and also from the action of the Court in ordering a peremptory *mandamus* to issue. The appellee must recover, if at all, upon the strength of his own title, because until that be established he is in no position to question the title of the appellant.

It is admitted that the appellee was not appointed by and with the advice and consent of the Senate as is expressly required by section 6 of Article 77 of the Code as enacted by chapter 341 of the Acts of 1892, as his appointment was never confirmed by the Senate, but it is urged that there was a vacancy in the office, which the Governor was empowered to fill during the recess of the Senate. Was there such a vacancy? The section of the Code above referred to expressly states that the school commissioners appointed under it shall hold their offices for the terms therein specified "*and until their successors shall qualify*," and it is submitted that, in view of the decision of this Court in the case of *Smoot* v. *Somerville*, 59 Md. 84, that the effect of these words is to prevent a vacancy, and that the appellant is entitled by force of his original appointment and the language

of the section above referred to, to hold the office until his successor is appointed by the Governor by and with the advice and consent of the Senate.

It was conceded by the appellee's counsel below that this contention would be sound except, as they urged and will urge in this Court, that the appointment of the appellant being a recess appointment his term was absolutely limited by the provisions of section 11 of Article 2 of the Constitution, and extended only to the end of the session of the Legislature of 1894; that since that time he has been acting without warrant of law, and that section 25 of the Code as enacted by chapter 341 of the Acts of 1892 was, in so far as it authorized the Governor to appoint for the remainder of the term in case of resignation, etc., absolutely unconstitutional and void. In other words, before the appellee can succeed this Court must pronounce the above section of the Act of 1892 as in plain conflict with section 11 of Article 2 of the Constitution, and therefore null and void. This the Court below obviously did, although the reasons for their decision are not given. Yet we submit that there is no conflict whatever between the plain and obvious intent of this section of the Constitution and section 25 as enacted by chapter 341 of the Acts of 1892.

The language of this section is as follows : "In the case of the death of any county school commissioner, or his removal from the county, or disqualification from any legal cause during the recess of the General Assembly, the Governor shall have power to appoint a qualified person to fill the vacancy for the unexpired term."

There is no provision in the Constitution which can be construed so as to deny the right of the Legislature to confer the power on the Governor of filling such a vacancy without the concurrence of the Senate. On the contrary this Court has held, under the Constitutions of 1851 and 1864, containing the same provisions as sections 10 and 11 of Article 2 of the present Constitution, that where the office is of legislative creation, the Legislature can

modify, control or abolish it; *and within these powers is embraced the right to change the mode of appointment. Davis* v. *The State,* 7 Md. Rep. 161 ; *Anderson* v. *Baker et al.,* 23 Md. 627; *Warfield* v. *County Commissioners,* 28 Md. 76. If the Legislature in such an office may change the mode of making the original appointment, it clearly may also provide for the method of appointments to fill vacancies. And in the present case the Legislature in very plain and unambiguous language has conferred upon the Governor alone the power to fill vacancies.

Section 11 of Article 2 of the Constitution must be construed as referring only to appointments to fill vacancies, which, by virtue of some provision of the Constitution or of the Act creating the office, must be confirmed by the Senate. While section 6 of the Act of 1892 required the confirmation of the original appointments by the Senate, it does not require the confirmation of appointments to fill vacancies, but on the contrary, clearly expresses its will that the Governor alone in such cases shall have power to appoint for the unexpired term. It seems to us clear that section 25 of the Act of 1892 is not in contravention of section 11 of Article 2 of the Constitution, and is not a " recess " appointment within the meaning of that provision of the Constitution. The provision of section 25 of the Act of 1892, clearly, in our judgment, distinguish the present case from the case of *Kroh* v. *Smoot,* 62 Md. 172, relied on by the appellees below.

Such being the case, it is submitted that Mr. Ash having been duly appointed to the office of school commissioner for Cecil County in the place of George Biddle, resigned, and for the balance of the term of said Biddle, is entitled to hold said office until his successor shall have been duly appointed and qualified according to the terms of section 6 of the Act of 1892, that is, such successor must be appointed by the Governor, by and with the advice and consent of the Senate. As a matter of fact an attempt was made to do this. The Governor nominated Samuel G. Bye to the Senate dur-

ing the session of 1896 as the successor of Mr. Ash, but the Senate adjourned without taking any action upon the nomination.

To the argument made by the appellee that section 25 of the Act of 1892 was unconstitutional and void, it may also be replied that the Acts of the Legislature are presumed to be constitutional, and that in construing Acts of Assembly in the light of the Constitution every reasonable intendment must be made to enable both to stand. The Court will not hold an Act unconstitutional unless it is in such plain conflict with some provision of the Constitution as to leave no discretion to the Court in the premises. *County Commissioners of Dorchester County* v. *Meekins,* 50 Md. ; *Davis* v. *Helbig,* 27 Md. 452. Under the above rule of construction adopted by this Court, we do not believe that section 25 of the Act of 1892 will be held to be unconstitutional.

Grave doubts have been entertained concerning the validity of the entire Act of 1892, chapter 341, in view of section 13 of Article 2 of the Constitution, although this question was not argued below. Both the appellee and the appellant derive their titles from this Act, and in this case the validity of the Act being an essential part of the appellee's case, the Court must pronounce upon the question. If the Act is unconstitutional the appellee's case falls to the ground, and a much more reasonable argument could be made against the validity of the entire Act as repugnant to section 13 of Article 2 of the Constitution, than can possibly be made against the validity of section 25 as repugnant to section 11 of the same Article.

*Henry M. McCullough* (with whom was *Albert Constable* on the brief), for the appellee.

Mr. George Biddle was appointed by the Governor of Maryland, by and with the advice and consent of the Senate, a school commissioner for Cecil County, for a term of four years, from the 1st day of August, 1892. In the fall of that year Mr. Biddle resigned his office, and the appellee

was appointed during the recess of the Senate to fill the vacancy caused by his resignation, to-wit, on the 7th day of December, 1892. This appointment of Mr. Ash was reported to and confirmed by the Senate of Maryland at its next succeeding session, to-wit, the session of 1894. At the session of 1896, the Governor nominated to the Senate Mr. Samuel G. Bye, but the Senate adjourned without taking any action on said nomination. The Governor then, to-wit, on the 20th day of July, 1896, appointed the appellee. But Mr. Ash, claiming 'that there was no vacancy, refused to surrender the office. Thereupon, Mr. McVey filed a petition in the Circuit Court for Cecil County, praying that a *mandamus* might issue, directing said Ash to vacate the office, and on the 8th of October following the order was made absolute.

This case is so entirely covered by *Kroh* v. *Smoot*, 62 Md. 172, that any extended argument would be superfluous. Every position assumed here by Mr. Ash is met and refuted by the opinion in that case. Much of reliance was placed by the appellee in the argument in the Court below, upon *Smoot* v. *Somerville*, 59 Md. 84. But clearly that case has no application.

Appellee relied on sec. 25 of chapter 341 of the Acts of 1892, providing that in case of death, resignation, &c., the Governor should have power to fill the vacancy for the unexpired term. But if appellee's construction of this section is correct, and Governor Brown in appointing Mr. Ash during the recess of the Senate, in December, 1892, had the right, according to the terms of that Act, to give him a commission which would entitle him to the office on the terms on which the original appointee, Mr. Biddle, held it, to-wit, for four years from the 1st of August, 1892, *and until his successor was appointed and qualified*, then it is too clear for discussion that the attempted grant of power is in conflict with section 11 of Article 2 of the Constitution and void.

No doubt if Mr. Ash had occupied the position of Mr.

Biddle, the original appointee, there would, on the 1st of August, 1896, have been no vacancy. But the reason is because Mr. Biddle's appointment having been made by the Governor, *with the advice and consent of the Senate*, under section 13 of Article 2 of the Constitution, he would hold, according to the terms of that section, not only for four years, but until his successor was qualified. This appointment of Mr. Ash, however, on the 7th Dec., 1892, was an *interim* appointment, and by the terms of the 11th section of Article 2 of the Constitution, the commission issued to him continued in force only until the end of the next session of the Legislature. The only commission issued to Mr. Ash was that issued to him on the 7th of Dec., 1892, and that commission constitutes his only title to the office. That was a recess appointment, and section 11 of Article 2 of the Constitution, prescribes in unambiguous terms, that that " commission shall continue in force until the end of the next session of the Legislature, or until some other person is appointed to the office, whichever shall first occur."

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Cecil County granting a peremptory writ of *mandamus* by which the appellant was ordered to vacate the office of school commissioner for Cecil County and to surrender it to the appellee. The facts are undisputed and the question is simply as to the title to the office in question. This was created by the Act of 1892, ch. 341, amending the Code, Art. 77, sections 6, 18 and 25. This Act provides that in certain counties of the State, Cecil County being one of them, the Governor shall appoint by and with the advice and consent of the Senate, a board of county school commissioners, consisting of three persons, one of whom shall serve for a term of two years, one for a term of four years and one for a term of six years from 1st of August next succeeding their appointment, and until their successors shall qualify  *  *  and hereafter the Governor, by

and with the advice and consent of the Senate, shall appoint at every regular session of the General Assembly * * one county school commissioner to serve for a term of six years from the first day of August next succeeding their appointment, so that one-third of each board of county school commissioners shall be appointed every two years.

By section 25 of the Act it is provided in the case of the death of any county school commissioner or his resignation, or removal from the county, or disqualification from any legal cause during the recess of the General Assembly, the Governor shall have power to appoint a qualified person to fill the vacancy for the unexpired term.

In 1892, after the passage of this Act, George Biddle was appointed by Governor Brown a school commissioner for Cecil County for the term of four years from August 1st, 1892, and this appointment was confirmed by the Senate. In December, 1892, Biddle resigned, and in that month, during a recess of the Legislature, George R. Ash, the appellant, was appointed in the place of Biddle, the term of his office, as expressed in his commission, being " for the balance of the term of four years for which the said George Biddle was appointed or until you shall be duly discharged therefrom." The appellant qualified and entered upon the discharge of the duties of the office, and at the next ensuing session of the Legislature in January, 1894, his appointment was reported to and confirmed by the Senate.

At the session of the Legislature beginning in January, 1896, Governor Lowndes nominated to the Senate S. G. Bye as the successor of Ash, for the term beginning August 1st, 1896, but the Senate adjourned, without having either confirmed or rejected this nomination. And on July 20th, 1896, during the recess of the Legislature, the Governor appointed the appellee, McVey, to succeed Ash, for the term of six years from August 1st, 1896.

The matter for determination then, is whether there was at that time such a vacancy in the office of school commissioner as the Governor was authorized to fill under the Act

of 1892. On the part of the appellee it is contended that the appointment of Ash in 1892 was a recess appointment within Art. 2, section 11 of the Constitution, and that his commission continued in force only until the end of the session of the Legislature in 1894. The appellant, however, contends that his appointment was not a recess appointment within the constitutional provision; that the power conferred upon the Governor by the Act of 1892, to fill vacancies in the office for the balance of the unexpired term is constitutional, and that he is entitled by virtue of his appointment to hold the office until his successor is appointed by the Governor with the concurrence of the Senate.

Was then the appellant's appointment within the constitutional provision and therefore only valid until the end of the next session of the Legislature, although the Act of 1892 provided that an appointment to fill a vacancy should be for the unexpired term?

If section 11 of Article 2 of the Constitution is considered in the light of other provisions of the Constitution, it cannot be construed as denying the right of the Legislature to confer power upon the Governor to appoint to offices which are of statutory creation, without the consent of the Senate, or to fill vacancies in such offices without confirmation by the Senate. This power is given by section 10 of the same Article, which provides that the Governor shall nominate, and by and with the advice and consent of the Senate, appoint all civil and military officers of the State, whose appointment or election is not otherwise herein provided for, unless a different mode of appointment be prescribed by the law creating the office. In *Anderson* v. *Baker*, 23 Md. 627, this Court said : " When the office is of legislative creation the Legislature can modify, control or abolish it, and within this provision is embraced the right to change the mode of appointment." And to the same effect is the case of *Warfield* v. *County Commissioners*, 28 Md. 76. This power of the Legislature to provide for the appointment or removal of officers by the statutes creating

the offices is fully considered by this Court in the recent case of *Townsend* v. *Kurtz*, 83 Md. 331, and need be only referred to here.

The provision of section 11 of Article 2 of the Constitution was intended to control and regulate appointments to offices which the Governor and Senate together are authorized to fill, and does not affect appointments to offices which the Legislature has authorized the Governor to make without the concurrence of the Senate, or to cases where in the event of a vacancy in a statutory office the Legislature has empowered the Governor alone to appoint for the residue of the term.

The case of *Kroh* v. *Smoot*, 62 Md. 172, relied on by the appellee, related to the office of Tobacco Inspector, which is recognized by the Constitution. In the case of the office, under consideration in that case, the Governor was not authorized to fill the vacancy for the balance of the unexpired term. The purpose of the Act of 1892, as expressed in the sixth section, was to create a term of office of six years for each commissioner and to change only one-third of the board every two years. The original appointments for a six-year term are to be made by the Governor with the concurrence of the Senate, but in the event of a vacancy in one of these terms during a recess of the Senate the provision of section 25 is " that the Governor shall have power to appoint a qualified person to fill the vacancy for the unexpired term." The plain meaning of this section of the statute is that a person appointed to fill a vacancy holds for the same term as the person whose place he takes. In the case of the first appointment the statute requires a confirmation by the Senate, while in the latter it is not required, unless the Senate be in session.

It is therefore clear, we think, that the appointment of the appellant as school commissioner in December, 1892, was for the unexpired term of his predecessor, and that this appointment was not within section 11 of Article 2 of the Constitution. The action of the Governor in 1894, in send-

ing appellant's name to the Senate for confirmation, can have no effect upon the term for which the appellant had been appointed.

Under the statute all appointments of school commissioners to begin new terms must be made by the concurrent act of the Governor and Senate, and the Governor can appoint alone, *only in case of a vacancy occurring during a recess of the Senate.* As the Legislature of 1896 adjourned without having taken any action upon the nomination of appellant's successor made by the Governor during the then session, the question is, whether upon the expiration of the appellant's term in July 31st, 1896, there was such a vacancy as the Governor was authorized to fill. The Act 1892, ch. 341, in the case of school commissioners appointed and confirmed for an entire term, provides that they shall remain in office " until their successors shall qualify." When an appointment is made to fill a vacancy and for the unexpired term, such appointee holds in the same manner as the person whose place he takes held, for the residue of the term and until his successor shall qualify. The rule being that the incumbent of a public office holds over after the expiration of his term until the qualification of his successor. *Thomas* v. *Owens*, 4 Md. 221 ; *Robb* v. *Carter*, 65 Md. 321. In the latter case, it was held, unless there is some clearly expressed and positive prohibition which by its terms operates as an ouster the person filling the office should continue to discharge those duties until a successor is qualified, no matter whether the office is created by the Constitution, by an Act of the General Assembly or by a municipal ordinance. And in *Lynn* v. *Mayor, &c., of Cumberland*, 77 Md. 454, it was said : " The Maryland cases * * uniformly hold that even when an officer has been appointed for a definite term, he is entitled to hold after the expiration thereof until his successor is elected and qualified—the superadded period being in fact a part of his rightful term of office."

It is manifest, therefore, that although the appellant's term

of office expired on July 31st, 1896, he was still an officer *de jure* and *de facto,* until the qualification of a duly appointed successor.   If, then, on August 1st, 1896, he was in the lawful discharge of the duties of the office, there was no vacancy in the office, and there being no vacancy, there was no power in the Governor to appoint another commissioner.   *Smoot* v. *Somerville,* 59 Md. 84.

The Act of the Governor in appointing the appellee could not *ipso facto,* create a vacancy in this office.  " The vacancy must actually exist before the power of appointment can be exercised ; for it is only the existence of the vacancy that can call into activity the power to appoint."   *Smoot* v. *Somerville, supra.*   We are, therefore, of opinion, that the appellant was lawfully appointed school commissioner for a term of office ending July 31st, 1896, and until the qualification of his successor ; that, except in the event of a vacancy his successor could only be appointed by the Governor with the concurrence of the Senate ; that as no successor has been appointed and there was no vacancy, the appellant continues to hold over under his original appointment, and there was no vacancy in the office which the Governor was authorized to fill.

The order of the Court will be reversed and the petition for *mandamus* dismissed.

*Order reversed and mandamus dismissed with costs.*

(Decided January 7th, 1897).