## SHACKELFORD v. WEST.

1. Where the General Assembly creates an office and provides that the officer shall be appointed by the Governor, by and with the advice and consent of the Senate, who shall hold his office for the term of four years, under the provisions of the Civil Code, § 261, the office does not expire at the expiration of such term, but the appointee holds over until his successor is commissioned and qualified.

2. Where in creating an office the General Assembly provides that the

officer shall be appointed by the Governor, by and with the advice and consent of the Senate, a person does not become the successor of another in office by mere executive appointment. If the term of the incumbent in office has expired, but he still continues to discharge his duties, there is no such vacancy in the office as will authorize the Governor to fill it by the appointment of a successor without the consent of the Senate.

MAY 15, 1912.

Petition for quo warranto. Before Judge Brand. Clarke superior court. November 11, 1911.

*Cobb & Erwin* and *J. A. B. Mahaffey,* for plaintiff.

*John J. & Roy M. Strickland,* for defendant.

EVANS, P. J. The judgment under review involves the title to the office of judge of the city court of Athens. The city court of Clarke county was created in 1879, and its name changed to the city court of Athens by the act of 1894. In the act creating the city court (Acts of 1879, p. 291) it is provided that "there shall be a judge of said city court who shall be appointed by the Governor, by and with the advice and consent of the Senate, who shall hold his office for the term of four years, and all vacancies in the office of judge shall be filled by appointment by the Governor for the balance of the unexpired term; but should a vacancy occur when the Senate shall not be in session, the Governor shall appoint to fill said vacancy and submit said appointment to the Senate when it shall next thereafter convene." Hon. Henry S. West was appointed by the Governor, and his appointment confirmed by the Senate, for the term expiring September 12, 1911. Upon the confirmation of the Governor's appointment by the Senate, Judge West took the oath of office, was duly commissioned, and entered upon the discharge of his duties. On August 16, 1911, his Excellency, Governor Smith, nominated and in his order asked the Senate's confirmation of the appointment of Hon. Thomas J. Shackelford as judge of the city court of Athens. On August 19, 1911, Governor Smith passed an executive order reciting that the Senate had failed to act on this appointment, and again appointed Mr. Shackelford as judge of the city court of Athens for a term of four years from September 12, 1911; the appointment being made subject to confirmation by the Senate at the next session of the General Assembly. The Senate failed to act upon the nomination of Mr. Shackelford, and upon its adjournment the communication from the Governor to the Senate, advising that body of this

nomination, as well as others, was returned to the Governor's secretary by the secretary of the Senate.  On September 18, 1911, the Governor passed an order reciting that "a vacancy exists in the office of judge of the city court of Athens, occasioned by the expiration of the term of H. S. West, whose term of office expired on September 12, 1911; and whereas on August 16, 1911, the Governor sent to the Senate the nomination of Hon. Thos. J. Shackelford as judge of the city court of Athens and the Senate failed to act upon said nomination," and appointing Mr. Shackelford as judge of the city court of Athens "for a term of four years from September 12, 1911, subject to confirmation by the Senate; this appointment being made to fill the vacancy now existing."  At the date of this order the Senate had adjourned.  Mr. Shackelford took the prescribed oath of office, and a commission was issued to him.  Judge West disputed the legality of Mr. Shackelford's appointment, and declined to relinquish the office to him.  Whereupon Mr. Shackelford asked leave to file a petition in the nature of quo warranto.  Leave was granted, and upon considering the pleadings and the admitted facts the court rendered judgment refusing the prayers of the applicant, holding that he was not entitled to hold the office of judge of the city court of Athens, and that the incumbent, Judge West, is entitled to discharge the duties of the office until a successor is legally appointed and qualified.

1.  The act creating the city court of Athens fixes the tenure of office of the judge at four years; but this does not mean that an incumbent, for whom no successor has been appointed or qualified, can not perform the duties of the office after the expiration of the four years.  The general law provides that "All officers of this State must discharge the duties of their office until their successors are commissioned and qualified."  Civil Code (1910), § 261.  The policy of provisions of this nature is that it is the wiser and better course to permit the incumbent to hold over until a successor is appointed or elected and commissioned in the prescribed legal manner, rather than to have no one authorized to discharge the functions of the office.  Where the legislature creates an office and provides for the appointment of an officer to fill it for a given number of years, the incumbent will hold over beyond the fixed term, until his successor is commissioned and qualified.  *Walker* v. *Ferrill*, 58 *Ga.* 572.  The term of the city-court judge is fixed at

four years certain, with a contingent extension. When this contingency happens, this extension is just as much a part of the term as the antecedent fixed term. People *v.* Whitman, 10 Cal. 663. Judge West, therefore, is entitled to discharge the duties of the office of judge of the city court of Athens until a successor has been appointed and commissioned according to law.

2. We now approach a discussion of the power of the Governor to make the appointment of Mr. Shackelford under the circumstances appearing in the record. It is clear that the Governor had no power to appoint a judge of the city court of Athens, without the advice and consent of the Senate, except in the case of a vacancy in the office. The constitution declares that "When any office shall become vacant by death, resignation, or otherwise, the Governor shall have power to fill such vacancy, unless otherwise provided by law." Civil Code, § 6483. The statute declares that all offices are vacated, (1) by death of the incumbent, (2) resignation when accepted, (3) judgment declaring the office vacant, (4) incapacity to serve, (5) removal from the jurisdiction of the office, (6) failure to apply for commission or to give bond within the prescribed time, and (7) abandonment of the office. Civil Code, § 264. These instances may not be exhaustive of conditions which create a vacancy, but their enumeration is strongly suggestive of the legislative conception of the nature of the circumstances which would have the effect of creating a vacancy in the office. It is characteristic of each of the specified instances that there is no incumbent of the office capable of exercising its functions and discharging its duties. "The office is not vacant so long as it is supplied, in the manner provided by the constitution or law, with an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it; and conversely, it is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event." State *v.* Harrison, 113 Ind. 234 (16 N. E. 384, 3 Am. St. R. 663). When there is no one to fill the office, a vacancy exists. *Gormley* v. *Taylor,* 44 *Ga.* 76. There is a patent difference between a vacancy in an office and the expiration of the term of the incumbent, whose tenure is for a definite term and until his successor shall qualify. In the latter case it is the duty of the incumbent to continue in the discharge of his office

until a successor is qualified; the superadded period being a part of the rightful term of office. He has the right to continue in office until the qualification of his successor who has been appointed or elected in the manner designated by the law. From the very nature of things there can not be a vacancy in an office so long as there is an officer authorized by law to perform its functions; and as Judge West's successor can only be appointed by the Governor, with the advice and consent of the Senate, it follows that his term of office will continue, so long as he is capable of performing and actually performs its duties, until the qualification of a successor appointed by the Governor with the advice of the Senate.

The question is not a new one; it has been before the courts of last resort in most of the States; and the holdings have been almost uniform to the effect that if an office filled by appointment of the Governor requires the confirmation of the Senate, a vacancy therein such as will authorize the Governor to fill it without the concurrence of the Senate can be caused only by the death or resignation of the incumbent, or some other event by reason of which the duties of the office are no longer discharged, and that the mere expiration of the term of the incumbent does not create a vacancy. Mechem on Public Officers, § 128, and authorities cited; Ash v. McVey, 85 Md. 119 (36 Atl. 440); State v. Shaw, 32 La. Ann. 934; People v. Bissell, 49 Cal. 407; Kimberlin v. State, 130 Ind. 120 (29 N. E. 773, 14 L. R. A. 858, 30 Am. St. R. 208); Brady v. Howe, 50 Miss. 607; People v. Henderson, 4 Wyo. 535 (35 Pac. 517, 22 L. R. A. 751); State v. Howe, 25 Ohio St. 588 (18 Am. R. 321); State v. Compson, 34 Or. 25 (54 Pac. 349); Chadduck v. Burke, 103 Va. 694 (49 S. E. 976); Holtan v. Beck, 20 N. D. 5 (125 N. W. 1048). *Judgment affirmed. All the Justices concur.*