PARKERSON *v.* HART.

No. 15456.   MAY 9, 1946.

Nelson & Nelson and R. I. Stephens, for plaintiff in error.

R. M. Daley, contra.

HEAD, Justice. (After stating the foregoing facts.) 1. Counsel for the relator, both in oral argument and in his brief filed in this court, conceded that, if there was a vacancy in the office of County Superintendent of Schools at the time the County Board

of Education of Laurens County appointed Mrs. Anne S. Parkerson, the respondent, that such appointment was valid and she would be entitled to hold the office until her tenure was terminated in the manner provided by law. On the other hand, it is contended that, if no vacancy existed at the time of such appointment, Mrs. Parkerson was not legally appointed and would not be entitled to hold the office as against the claims of the relator. Counsel has properly reduced the contentions of the parties to the one controlling issue in the case.

The undisputed contention of the respondent, Mrs. Parkerson, is that the former County Superintendent of Schools, suspended by the Board of Education on August 8, 1945, did not appeal, as authorized by law, to the State Board of Education. On the contrary, he acquiesced in the order of suspension, in that he surrendered his office and ceased to perform any of its duties. The undisputed evidence shows that subsequently to her appointment by the County Board of Education on August 9, 1945, Mrs. Parkerson made the bond, took the oath of office, and received a commission from the Governor for the unexpired term of the suspended County Superintendent of Schools, and that she has since discharged the duties of such office.

The powers and duties of county boards of education are defined by law. Section 32-912 of the Code provides that such board "may suspend the county superintendent of schools for incompetency, wilful neglect of duty, misconduct, immorality, or the commission of crime involving moral turpitude," and provides that an appeal may be taken to the State Board of Education. The duties of a county superintendent of schools are likewise defined by law, and § 32-1008 of the Code provides that such superintendent may be removed from office by the county board of education "for inefficiency, incapacity, neglect of duty or malfeasance or corruption in office;" and provides for an appeal by the county superintendent of schools to the State Superintendent of Schools, and from such official to the State Board of Education.

The power of a county board of education to appoint in case of vacancy is set forth in the Code, § 32-1003, as follows: "In the case of a vacancy by death, resignation or removal from office, or from any cause whatever, in the office of county superintendent of schools in any county, the county board of education shall elect a county superintendent of schools for the unexpired term."

Did the suspension of the former County Superintendent of Schools create a vacancy in his office so as to authorize an appointment by the board to fill such vacancy?

Under the general law of this State, all offices in the State shall be vacated, "by abandoning the office and ceasing to perform its duties, or either." Code, § 89-501 (7). The former County Superintendent of Schools did not appeal from the order of his suspension, and he ceased to perform the duties of his office. No formal words of renunciation are contemplated as being required of the holder of an office where from any cause he ceases to perform its duties.

Bouvier's Law Dictionary (3d, rev., vol. 2, p. 3385) defines a vacancy as, "A place which is empty. The term is principally applied to cases where the office is not filled." Black's Law Dictionary (3d, ed., p. 1794) defines it as, "A place which is empty. The term is principally applied to an interruption in the incumbency of an office." Abbott's Law Dictionary (vol. 2, p. 624) states that, "There is said to be a vacancy in an office when there is no incumbent; no person entitled to exercise the powers and receive the compensation." The Cyclopedic Law Dictionary of Shumaker & Longsdorf (p. 942) defines a vacancy as, "A place which is empty. The term is principally applied to cases where an office is not filled. . . As used in statutes it has been held to include temporary vacancies."

This court has defined a vacancy in office. In *Shackelford* v. *West,* 138 *Ga.* 162 (74 S. E. 1079), it was held: "'The office is not vacant so long as it is supplied, in the manner provided by the Constitution or law, with an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it; and conversely, *it is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event.'* State *v.* Harrison, 113 Ind. 434 (16 N. E. 384, 3 Am. St. R. 663). When there is no one to fill the office, a vacancy exists. *Gormley* v. *Taylor,* 44 *Ga.* 76." (Italics ours.) And in *Daniel* v. *Citizens & Southern Nat. Bank,* 182 *Ga.* 384, 399 (185 S. E. 696), this court held: "A de jure officer is one who occupies by right a de jure office. A de jure office is one lawfully created. A person eligible to fill a de jure office, when duly appointed or elected to

such office, upon his qualification and commission by the proper authority, becomes a de jure officer. 'And if a public office is vacant because of incumbent's suspension, it becomes, as to the suspended person, for the time being as though it did not exist, and as to the public the person appointed to fill the vacancy is the sole incumbent of the office.' 46 C. J. 983, § 144; Gray v. Independence County, 166 Ark. 502 (266 S. W. 465), and cit. Where there is an office and there arises therein a suspension by vacancy [evidently intended to read 'a vacancy by suspension'], and another is appointed by the appointing power to fill such vacancy, and the appointee qualifies and is duly commissioned, such appointee becomes, until the suspension is removed, a de jure officer as to such office. The public may lawfully deal with him as such officer, and therein is fully protected."

We think that the case of *Daniel* v. *Citizens & Southern Nat. Bank,* supra, is in point here. There the Governor had the right to suspend the State Treasurer, reporting such suspension to the General Assembly. If the General Assembly should ratify the suspension, it would terminate the term of such official. If not ratified, such official might serve the remainder of the term for which he was elected. In the present case the County Board of Education had the right to suspend the County Superintendent of Schools for the commission of a crime involving moral turpitude. If convicted of the charges, such official would lose all rights to the office to which he was elected. If acquitted, he might serve the remainder of the term for which he was elected, but during the period of his suspension, and in the absence of appeal as provided by the statute, the office became vacant, and this would be true regardless of the period of such suspension, whether temporary or permanent.

The case of *Patten* v. *Miller,* 190 *Ga.* 123 (8 S. E. 2d, 757), cited by counsel, is not in point on its facts. There it was held that while the Governor has the power to fill a vacancy, he has no power to create a vacancy by any declaration or judgment that one exists, in the office of Chairman of the State Highway Board of Georgia.

After the suspension of the former County Superintendent of Schools by the County Board of Education of Laurens County, and prior to their appointment of Mrs. Anne S. Parkerson as County

Superintendent of Schools, there was no person in Laurens County authorized by law to occupy the office as county superintendent of schools or discharge any of the many duties thereof. The office of such a county superintendent is not vacant so long as there is a person authorized and qualified in the manner provided by law, substantially discharging the duties of such office. The office is vacant when there is no person authorized and qualified in the manner provided by law as county superintendent of schools to occupy the office and discharge the duties thereof.

A vacancy exists in the office of a county superintendent of schools by proper order of the board of education suspending the appointed or elected occupant of the office, which suspension may or may not result in a termination of the term for which the occupant was appointed or elected, depending entirely on some future happening or event. It is necessarily true that a vacancy does exist by the order of suspension, since for the time being the suspended official is not authorized to occupy the office, nor is he qualified to discharge any duty thereof.

Subsequently to his suspension, the indicted County Superintendent of Schools of Laurens County entered a plea of guilty to the charges of embezzlement, and a suspended sentence of two years in the penitentiary was imposed by the trial court. The Constitution of 1877 provided, as does the Constitution of 1945 (art. 2, sec. 2, par. 1), that no person shall hold any office in this State who shall have been finally convicted of a crime involving moral turpitude, punishable by law with imprisonment in the penitentiary. The constitutional prohibition against a person convicted of a crime involving moral turpitude from holding public office in this State existed by statutory enactment for many years prior to the adoption of the Constitution of 1877. See Code, § 89-101 (3). Therefore, both by constitutional provision and statutory enactment, the term of office of the suspended County Superintendent of Schools was terminated as a matter of law on the date he entered his plea of guilty in Laurens Superior Court, and since he was the only person who might have had a right to contest the office with Mrs. Parkerson, after he became finally ineligible to hold the office, the title to the office was conclusively vested in her for the remainder of the term, unless she lost it in one of the methods provided by law.

666

The vacancy in the office of County Superintendent of Schools in Laurens County arose on the date the Board of Education suspended the then County Superintendent of Schools, and the vacancy did not arise by reason of an order of the Board of Education purporting to remove such suspended official from his office. When a vacancy occurs in the office of a county superintendent of schools, the board of education shall elect a person to fill such vacancy, and such election is for the term of the vacancy. The law does not contemplate or authorize any other election or appointment. See Code, § 32-1003. Having filled a vacancy existing by an order of suspension, the County Board of Education could not create another vacancy by recitals that they had removed the suspended official from office.

Therefore it was error to direct a verdict for the relator and to enter a judgment requiring Mrs. Parkerson to turn over to him the office of County Superintendent of Schools.

*Judgment reversed. All the Justices concur, except Jenkins, P. J., who dissents.*