## S91A0759. GARCIA v. MILLER.
(408 SE2d 97)

FLETCHER, Justice.

This appeal challenges the right of a state court judge to continue in office after his constitutional term of office ends. We affirm the trial court's dismissal of the appellant's petition for quo warranto.

Paul B. Garcia, Jr. seeks to remove Ben J. Miller from office as judge of the Superior Courts of the Griffin Judicial Circuit. Garcia argues that Judge Miller is holding office illegally because his term expired on January 1, 1991, and he has not been reelected to a new four-year term as required under the State Constitution.[1]

Judge Miller holds one of the judgeships affected by the district court opinion in *Brooks v. State Bd. of Elections*, No. CV288-146 (S.D. Ga. Dec. 1, 1989), modified, (S.D. Ga. May 29 and June 25, 1990), aff'd mem., 498 U. S. ____ (111 SC 288, 112 LE2d 243) (1990). The three-judge court in *Brooks* held that the state violated section 5 of the Voting Rights Act of 1965, 42 USC § 1973c, by failing to preclear the redistricting of two circuits and creation of 48 judgeships, including Judge Miller's. The court determined that judges whose terms ended in 1990 could continue to serve in unprecleared judgeships until the state obtains a declaratory judgment as provided under the Voting Rights Act or holds a judicial election according to a precleared election scheme. *Brooks*, slip op. at 2-3 (S.D. Ga. May 29, 1990). As a result, the state did not hold an election in 1990 for any of the challenged offices.

1. Whether state court judges may remain in office beyond their four-year constitutional term is an issue to be decided by state law. Although a federal court determines the validity of a judicial election law under the Voting Rights Act, the states have the power to decide whether judges are elected at all and to establish the procedures for their selection, retirement, and removal. See *Chisom v. Roemer*, 501 U. S. ____ (111 SC 2354, 2367, 115 LE2d 348) (1991).

2. Previous state constitutions explicitly provided that the term of office for superior court judges "shall be for four years, *and until his successor is qualified.*" Georgia Const., Art. VI, Sec. III, Par. I (§ 2-3201 (1976)); (§ 2-3801 (1945)); (§ 2-3101 (1933)). (Emphasis supplied.) Relying on that provision in the 1877 Constitution, this court held that an incumbent judge would hold over beyond his fixed term of office until his successor was elected, qualified, and commissioned. *Pittman v. Ingram*, 184 Ga. 255, 256 (190 SE 794) (1937). The question in this case is whether the omission of the phrase "until his successor is qualified" in the 1983 Constitution now prevents judges from

---

[1] Art. VI, Sec. VII, Par. I of the Constitution of Georgia of 1983 provides: "All superior court and state court judges shall be elected on a nonpartisan basis for a term of four years."

remaining in office after their four-year term of office ends.[2] We find it does not.

All officers of this state, except public officers appointed by the Governor and confirmed by the Senate, "shall discharge the duties of their offices until the successors are commissioned and qualified." OCGA § 45-2-4. "[I]t is better for society that the act *de facto* stand than that the business of society . . . be all wrecked, because parties did not know that the term of office of the public official expired the day before." *Smith & Bondurant v. Meador,* 74 Ga. 416, 419 (1885). An office is not vacant so long as it is filled by " 'an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it.' " *Pittman,* 184 Ga. at 257 (quoting *Shackelford v. West,* 138 Ga. 159 (74 SE 1079) (1912)).

3. This court has the inherent power essential to protect the judiciary as an independent branch of state government and to maintain a court system capable of providing for the administration of justice in an orderly and efficient manner. *Wallace v. Wallace,* 225 Ga. 102, 111 (166 SE2d 718), cert. denied, 396 U. S. 939 (90 SC 369, 24 LE2d 240) (1969). The State Constitution also gives this court authority to make rules to "provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." Georgia Const. of 1983, Art. VI, Sec. IX, Par. I.

Under our inherent and rulemaking powers, we find that the de facto officer rule applies to judges affected by the *Brooks* litigation. The courts protect the public from governmental excess, provide the means for resolving civil disputes, and mete out criminal punishment to those who disregard the public's rights. *Grimsley v. Twiggs County,* 249 Ga. 632, 634 (292 SE2d 675) (1982). A complete and continuous judicial system is required to ensure that these governmental functions continue without interruption. See *Hooper v. Almand,* 196 Ga. 52, 69 (25 SE2d 778) (1943); *Bates v. Bigby,* 123 Ga. 727, 730 (51 SE 717) (1905). Therefore, we hold that the judicial power of the holdover superior court judges remains vested in them until their successors are qualified.

4. The remaining enumerations of error have no merit.

*Judgment affirmed. All the Justices concur.*

---

[2] The phrase was retained in the proposed revisions of Article VI of the 1983 Constitution until June 27, 1980, when a special subcommittee of the Committee to Revise Article VI presented a draft that omitted the language. See Transcript of Meetings, Select Committee on Constitutional Revision, Committee to Revise Article VI, Vol. III, June 27, 1980, Draft of Proposed New Judicial Article. No committee considering the proposed article ever received information, discussed, or voted to leave out the language deleted by the three-member subcommittee. See, e.g., id. at 32-33. Therefore, the legislative history does not reveal any legislative intent to delete the phrase from the 1983 Constitution, as Garcia argues.

DECIDED SEPTEMBER 5, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for appellant.

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.