### S93A1948. POTTS v. ZANT.
(437 SE2d 325)

BENHAM, Justice.

After being convicted and sentenced to death in separate trials for murder and kidnapping with bodily injury (see *Potts v. State*, 261 Ga. 716 (410 SE2d 89) (1991), and *Potts v. State*, 259 Ga. 96 (376 SE2d 851) (1989)), petitioner was incarcerated in the Georgia Diagnostic and Classification Center in Butts County, Georgia, where Respondent is warden. In his pursuit of habeas corpus relief, petitioner unsuccessfully sought the reassignment of his case upon the retirement of the judge to whom it was assigned pursuant to OCGA § 15-1-9.1 (b) (3).[1] Recognizing that a number of jurisdictions within the

---

[1] OCGA § 15-1-9.1 (b) (3) provides:

When a petition for habeas corpus relief is filed in a case in which the petitioner is under a sentence of death, the chief judge of the court where the petition is filed may make a request for judicial assistance to the president of The Council of Superior Court Judges of Georgia upon certifying that the business of the court will be impaired unless assistance is obtained. When a request is received, the president of

state have resolved this question in a variety of ways,[2] we granted petitioner's application for interlocutory review to determine whether, upon the retirement of a judge assigned a death penalty habeas case pursuant to § 15-1-9.1, a new judge must be assigned pursuant to that statute.

In January 1990, Respondent filed in the Superior Court of Butts County a habeas corpus petition seeking review of his murder conviction and death sentence. The following month, acting in response to a request made pursuant to OCGA § 15-1-9.1 (b) (3), the president of the Council of Superior Court Judges assigned the habeas petition to Judge Luther Alverson. In December 1992, petitioner filed a habeas corpus petition from his conviction and death sentence for kidnapping with bodily injury and, again acting in response to a request made pursuant to § 15-1-9.1, the president of the Council of Superior Court Judges assigned the habeas petition to Judge Elizabeth Glazebrook. Petitioner then sought consolidation of the two petitions and Judge Josephine Holmes Cook, who had succeeded Judge Alverson upon his retirement in 1992, held a hearing on the motion, at which she denied petitioner's motion to have a new judge assigned to the murder habeas petition pursuant to OCGA § 15-1-9.1. Judge Cook subsequently consolidated the two habeas petitions, and signed a certificate of immediate review on her denial of petitioner's motion for assignment of the case to a new judge.

OCGA § 15-1-9.1 (b) (3) provides a method by which the superior court located in the county in which death row inmates are incarcerated is afforded relief when the volume of habeas petitions filed in capital cases impairs the business of that court. However, neither the statute nor the guidelines promulgated by the executive committee of the Council of Superior Court Judges[3] provides a method to deter-

---

The Council of Superior Court Judges of Georgia shall, under guidelines promulgated by the executive committee of said council, assign the case to a judge of a circuit other than the circuit in which the conviction and sentence were imposed.

[2] After the retirement of the judge assigned pursuant to § 15-1-9.1 in *Lipham v. Zant*, Case No. 89-V-1275, the chief judge of the circuit in which the habeas petition was filed resubmitted the case to the Council of Superior Court Judges for reassignment; faced with a similar situation in *Frazier v. Zant*, Case No. 88-V-1675, the chief judge of the circuit in which the assigned judge sat reassigned the case to another judge in that circuit.

[3] *Capital Habeas Corpus Guidelines:*

1. When the President of the Council of Superior Court Judges ("President") shall receive pursuant to OCGA § 15-1-9.1 a request for assistance in a habeas corpus case filed by a prisoner under sentence of death ("capital habeas corpus case") the President shall request the name of a judge for assignment from the various Administrative Judges, in rotation beginning with the first Administrative District and thereafter in numerical order. Upon receipt of such a request from the President an Administrative Judge shall furnish to the President the name of a judge, selected as hereinafter set forth, and the President shall enter an order in the case assigning the judge to hear and preside in the case; provided, however, that no

mine who is to preside over the habeas petition should the specially-assigned judge die, retire, or otherwise step down or be removed from the bench during the pendency of the petition. Generally, appointment or election to a recently-vacated judicial post includes the assumption of the caseload left pending by the departed jurist. However, the general rule is not applicable to cases which have been specially assigned to a particular judge because that judge met certain criteria. In the case at bar, the guidelines provide for a methodical assignment of capital habeas cases to superior court judges throughout the State who have previously consented to preside over such cases. Should there be a dearth of consenting judges in an administrative district, assignment is made on the basis of seniority, with the judge having the greatest length of service receiving the initial assignment. Thus, a pre-assignment declaration of willingness, and if not willingness, experience, are integral facets to the Council president's selection of a specific superior court judge to hear and preside over a specific capital habeas case. Neither seniority nor a declaration of willingness is a component of the newly-appointed or elected judge. In addition, the guidelines emphasize that every effort should be made to bring about a speedy resolution of the capital habeas case. Substantial delay is inevitable when an experienced jurist dies, retires, or is removed from office and is succeeded by one newly elected or appointed.

We conclude that a succeeding judge's assumption of responsibility for a capital habeas corpus case assigned to the judge's predecessor pursuant to OCGA § 15-1-9.1 (b) (3) defeats the goal of the statute. In an effort to further the purpose of the statute, we exercise our constitutional and inherent authority over the judiciary (see *Garcia v. Miller*, 261 Ga. 531 (3) (408 SE2d 97) (1991)) and hold that capital habeas corpus cases assigned to a superior court judge who vacates

---

judge shall be assigned to hear and preside in a case in which he or another regular judge of his judicial circuit shall have presided at the trial.

2. Each Administrative Judge shall maintain a list of judges in his administrative district who consent to be assigned to hear and preside in capital habeas corpus cases. Should fewer than three judges in an administrative district so consent, then the list shall be deemed to be all of the regular judges in the district, listed in order of seniority, beginning with the judge with the greatest length of service. When an Administrative Judge shall receive a request from the President pursuant to Paragraph 1, he shall submit the names of the judges on the list in rotation, beginning with the first name on the list and thereafter until all judges on the list have heard one capital habeas corpus case. The name of the Administrative Judge shall be included on the list if there be fewer than three consenting judges and he shall submit his own name in its regular turn.

3. All judges assigned to hear capital habeas corpus cases shall make every effort, including requesting other judges to handle their regular caseloads and including hearings at the place of confinement of the prison, to complete the cases and enter a final order within six months.

the judgeship while the habeas action is pending should be returned to the president of the Council of Superior Court Judges for reassignment. Accordingly, the judgment in this case is reversed and the case remanded to the habeas court with direction that the president of the Council of Superior Court Judges be notified that the case is in need of reassignment pursuant to OCGA § 15-1-9.1 (b) (3).[4]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED DECEMBER 3, 1993.

*Brian Mendelsohn, George E. Bushnell, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Mary Beth Westmoreland, Senior Assistant Attorneys General,* for appellee.

---

[4] Since the reversal of the trial court's order denying the motion for reassignment of the murder habeas petition returns both habeas corpus cases to the status quo ante, only the case assigned to Judge Alverson is in need of reassignment; the habeas petition from the conviction and death sentence for kidnapping with bodily injury remains assigned to Judge Glazebrook.