296 Ga. 674
FINAL COPY

S14A1870.  KANITRA v. CITY OF GREENSBORO et al.

THOMPSON, Chief Justice.

We granted appellant Paul Kanitra's application to appeal to consider whether, as a holdover member of the City of Greensboro Planning and Zoning Board (the "Board"), he could only be removed for cause or whether the City Council of the City of Greensboro had the authority to replace him with a successor without regard to cause.  We conclude, as did the trial court, that the City Council had authority to appoint someone to replace appellant without regard to cause, and we thus affirm.

1.  The Charter of the City of Greensboro authorizes the city council to create boards and enact ordinances, and Section 3.11 (f) of the City of Greensboro Charter says that "[a]ny member of a board, commission or authority may be removed from office for cause by a vote of three members of the City council."  In 2005, the City Council enacted an ordinance creating the Board.  That ordinance provides that members of the Board will serve four-year terms.  In 2007, appellant was appointed to the Board for a four-year term.  At

the end of appellant's first term, he was not reappointed to the Board, but he continued to serve on it as a holdover member. At the April 7, 2014, meeting of the City Council, the council appointed a successor to replace appellant.

Appellant subsequently filed this action, contending, among other things, that he could only be removed for cause and that he was entitled to notice and a hearing before he could be removed. The trial court, however, ruled that, once appellant became a holdover member of the Board, the City Council "could have appointed a new member to [appellant's] seat at any time . . . without specific cause against [appellant]."

2. Appellant contends that the removal-for-cause provision of the City Charter applied to him as a holdover member of the Board and that the City Council therefore had no authority to simply appoint a successor to replace him. We disagree.

To begin, appellant assumes that he had the right to hold over once his term expired, but neither the Charter of the City of Greensboro nor the ordinance creating the Board contain a provision saying whether a person appointed to the Board has the right to hold over once his term has expired. OCGA § 45-2-4, however, provides that "[a]ll officers of this state . . . shall

2

discharge the duties of their offices until the successors are commissioned and qualified, except that public officers appointed by the Governor and subject to confirmation by the Senate shall not hold over until their successors have been appointed and confirmed." Moreover, "[w]hile there is some authority to the contrary, as a general rule, apart from any constitutional or statutory regulation on the subject, an incumbent of an office may hold over after the conclusion of his or her term until the election and qualification of a successor. . . ." 63C AmJur2d, Public Officers and Employees § 148. Here, without deciding whether appellant was an "officer[ ] of this state" and thus entitled to hold over under OCGA § 45-2-4, we will assume that appellant was entitled to hold over as a member of the Board once his term expired. We do so because, even if appellant was entitled to hold over, the trial court correctly ruled that the City Council properly replaced appellant with a successor.

Appellant relies on cases addressing predecessor statutes to OCGA § 45-2-4. For example, in Shackelford v. West, 138 Ga. 159, 161 (74 SE 1079) (1912), the Court discussed Section 261 of the Civil Code of 1910, which said that "[a]ll officers of this State must discharge the duties of their office until their successors are commissioned and qualified." The Shackelford Court held

3

that, as a result of this Code section, a holdover extension "is just as much a part of the term as the antecedent fixed term," Shackelford, 138 Ga. at 162, and that "the mere expiration of the term of the incumbent does not create a vacancy," id. at 163. Appellant contends that, because the end of his four-year term did not create a vacancy and because his holdover term was an extension of his original term, he was entitled to the protection of the removal-for-cause provision of the City Charter.

Appellant, however, overlooks the fundamental character of a holdover term, which is that the holdover official has the right to the position only until a successor is appointed. See OCGA § 45-2-4 (saying that holdover officers hold the office only "until [their] successors are commissioned and qualified"); Garcia v. Miller, 261 Ga. 531, 532 (408 SE2d 97) (1991) (holding that a holdover superior court judge could exercise the power of that office until his successor was qualified); Shackelford, 138 Ga. at 161-162 (saying that a holdover incumbent "will holdover . . . until his successor is commissioned and qualified" and "is entitled to discharge the duties of the office . . . until a successor has been appointed and commissioned according to law"); 63C Am Jur2d, Public Officers and Employees § 149 ("Once the appointing authority has

4

appointed an individual, and such person has qualified for the position, this activity effectively terminates title and tenure of one holding over in that position."). Thus, once an official who is protected by a removal-for-cause provision begins his holdover term, the law provides a second method by which the holdover officer may lose the right to the office — the appointment and qualification of a successor to replace him.[1]  And, as the foregoing authorities indicate, the appointing body's right to replace a holdover official by appointing a successor to replace him is not constrained by a requirement that the appointing body must have cause not to reappoint the holdover official.  This is consistent with the notion that the appointing body, here the City Council, would not have had to have cause for not re-appointing appellant at the end of his original four-year term.

Thus, when appellant held over, the law permitted the City Council to replace him at any time by the appointment of a successor, and the protection of

---

[1] The Massachusetts cases on which appellant relies involved an attempt by the appointing authority to remove a holdover official and not the appointment of a successor to replace the holdover official.  See Davidson v. City of Pittsfield, 2 NE3d 201 (Mass. App. Ct. 2014) (table format), 2014 Mass. App. Unpub. LEXIS 100, *2 (2014); MacBrayne v. City Council of Lowell, 135 NE 311, 311-312  (Mass. 1922).

the removal-for-cause provision of the City Charter was not available to appellant when the City Council did so.

3. We turn now to appellant's contention that, as a holdover public official, he had a property interest in the position sufficient to be entitled to procedural due process protection.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount." Bd. of Regents v. Roth, 408 U. S. 564, 569-570 (92 SCt 2701, 33 LE2d 548) (1972). To have a property interest protected by procedural due process, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id. at 577.

> Property interests . . . are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and

that support claims of entitlement to those benefits.

Id. In <u>Roth</u>, the Court held that an assistant university professor with a fixed term of employment of one academic year had "no possible claim of entitlement to re-employment" but only an "abstract concern" in it,  and thus had no property interest entitled to due process protection. Id. at 578. On the other hand, Georgia courts have held that a public employee who may be terminated only for cause has a protected property interest in continued employment. See, e.g., <u>Thomas v. Lee</u>, 286 Ga. 860, 861 (691 SE2d 845) (2010).

As discussed above, however, appellant could not only be removed for cause; once he held over, he could be replaced at any time, without regard to cause, by the City Council appointing a successor to replace him. We conclude that, under these circumstances, appellant did not have a legitimate claim of entitlement to his position once he became a holdover official and therefore was not entitled to due process protections before the City Council appointed his successor.

<u>Judgment affirmed. All the Justices concur.</u>

Decided March 2, 2015.

City ordinance. Greene Superior Court. Before Judge Brown.

David G. Kopp, for appellant.

Fleming & Nelson, Barry A, Fleming, Frank A. Nelson, Kurt A. Worthington, for appellees.