## HORN *v.* THE STATE.

Where by an act of the General Assembly a town is incorporated with certain rights and powers, and the charter is amended by a subsequent act granting an additional power not inconsistent with anything in the original charter, this latter act is not repealed by implication by a later act which does not express or indicate any intention to repeal it, which does not refer to the subject-matter of the intermediate act, which contains nothing to show that the last act is intended as a revision of the former ones or as exhaustive of the subject, and which contains and re-enacts substantially all of the provisions of the original act of incorporation.

Argued December 16, — Decided December 20, 1901.

Indictment for selling liquor. Before Judge Littlejohn. Webster superior court. October 26, 1901.

*J. B. Hudson* and *L. E. Bleckley*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.

SIMMONS, C. J. In 1857 the General Assembly passed an act incorporating the town of Preston in Webster county. In 1859 it added an amendment to this charter, giving the town authorities power to grant retail licenses for the sale of liquor. In 1870 it re-

enacted the original charter word for word, except that the new act substituted different names as those of the town officers, changed certain dates, and extended the limits of the corporation. In this act the amendment of 1859 was left out and not referred to in any manner. In 1901 Horn applied to the town authorities and obtained a license from them to retail liquors. He was indicted by the grand jury for retailing liquors without a license from the proper authorities. The sole question in the case was whether the amendment of 1859 was repealed by the act of 1870. This question was submitted to the judge upon an agreed statement of facts. The judge held that the act of 1859 had been repealed by the act of 1870, and the jury, in accordance with this decision, returned a verdict of guilty. The accused moved for a new trial, his motion was overruled, and he excepted.

Did the act of 1870, which simply re-enacted the act of 1857, repeal the act of 1859? We think not. The act of 1870 did not mention or allude to the act of 1859. It was not an effort by the General Assembly to revise the charter of the town, or to make any material amendment thereto except by extending the limits. All of the powers and privileges conferred by the act of 1857 were simply re-enacted. The rule as to repeal by implication is, in such cases, so far as we can ascertain from the authorities, that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication. This is the rule laid down by the authorities relied upon by the solicitor-general. The case of *Lovette* v. *Railroad Co.*, 55 *Ga.* 143, was predicated upon this principle. The legislature had appointed a commission to revise the laws of Georgia. In the revision of the act of 1856 the commission omitted certain words. The court held that these words must have been intentionally omitted in the revision,—that, as the committee was undertaking to revise the whole law, this portion of the act was repealed by its omission from the code. *Butner* v. *Boifeuillet*, 100 *Ga.* 743, was decided upon the same principle. The act dealt with in that case was one to revise the city charter of Macon, and it was held that certain sections not incorporated in the revision were repealed. Other cases might be cited to the same effect. The rule is different, however, when there is nothing to indicate an inten-

tion to revise the former act or to deal exhaustively with the subject. The act of 1870 did not attempt to revise the act of 1857. It contained nothing to indicate or intimate an intention to repeal the act of 1857. On the contrary, it recognized that act by reference. There was nothing in either the act of 1857 or that of 1870 in regard to the sale of intoxicating liquors. The act of 1859 was not mentioned, referred to, or hinted at in the act of 1870. The reason for the passage of the act of 1870 is not known to us. The act of 1857 had not expired by limitation, nor had the charter been forfeited. The act of 1870 amounted to nothing more than a re-enactment of the act of 1857, in so far as the powers granted were concerned. It granted no more and no less power than did the act of 1857. It amounted to no more than if it had simply declared, "The charter granted by the act of 1857 is hereby re-enacted." Such an act can not be held to repeal or change any of the powers and privileges given in the first act. It amounted to but a declaration that the act of 1857 was still in force, and it related back to the time of the passage of the act of 1857. This being so, there is clearly no repeal of the act of 1859. "Where a statute merely re-enacts the provisions of an earlier one, it is to be read as part of the earlier statute, and not of the re-enacting one, if it is in conflict with another passed after the first but before the last act; and therefore does not repeal by implication the intermediate one." Endlich, Int. St. § 194; 23 Am. & Eng. Enc. L. 485 et seq.; 1 Dill. Mun. Corp. (4th ed.) § 86; Morisse *v.* Royal British Bank, 1 C. B. n. s. 66, 85; s. c. 26 L. J. n. s. 62 (common pleas); *Irwin* v. *Moore,* 15 *Ga.* 361.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*