## KAIGLER *v.* FLOYD.

No. 12597. JANUARY 11, 1939.

*G. Y. Harrell,* for plaintiff in error.

*T. J. Methvin* and *George H. Perry,* contra.

GRICE, Justice. ■ There is a motion to dismiss the writ of error in the following language: "It appearing that plaintiff in error did not except to the decision of said judge and carry said case by bill of exceptions to the Supreme Court of Georgia within ten days after such decision and that said Supreme Court was then in session, the bill of exceptions of plaintiff in error should be dismissed and defendant in error moves that it be dismissed [citing authorities]. The bill of exceptions filed in this case was not tendered to the judge of said court until after the expiration of more than ten days from the date of the decision complained of." This motion to dismiss must have been made under a misapprehension. The record before us shows that the judgment complained of was dated September 16, 1938. The bill of exceptions likewise gives the date of the final judgment as of September 16, 1938, and contains a further recital that the bill of exceptions is presented "within the time allowed by law." The bill of exceptions is not dated, but the certificate of the judge thereto is dated September 16, 1938. The motion is overruled.

■ The first two sections of the act establishing the county court of Quitman County provide as follows: "Section I. The General Assembly of Georgia do enact: that a county court shall be established for the County of Quitman of said State, to be called the county court, the judge of which shall be appointed by the Governor and confirmed by the senate, and shall take the oath of office prescribed by the judge of the superior court. Sec. II. Be

it further enacted, that immediately after the passage of this act, that the Governor shall appoint some competent person as judge of said court, and each fourth year thereafter, who shall hold his office for the term of four years and until his successor is appointed and qualified; provided, that in case of a vacancy from death or resignation or otherwise, the Governor shall appoint some competent person for the unexpired term." Art. 5, sec. 1, par. 14, of the constitution (Code, § 2-2614) provides as follows: "Filling vacancies. When any office shall become vacant, by death, resignation, or otherwise, the Governor shall have power to fill such vacancy, unless otherwise provided by law; and persons so appointed shall continue in office until a successor is commissioned, agreeably to the mode pointed out by this constitution, or by law in pursuance thereof." There are also certain provisions in our Code relating to the filling of vacancies by appointment of the Governor, to wit, § 40-301, which in part declares that "The Governor shall appoint all officers and fill all vacancies unless otherwise prescribed by the constitution and laws;" and § 40-302, which reads as follows: "Mode of filling certain vacancies.—In case of a vacancy from any cause in any office, the full term of which, by the constitution, is to be filled by the Governor with the advice and consent of the senate, the Governor shall appoint and commission some qualified person to supply it until the next meeting of the General Assembly, when said vacancy shall be filled in the manner described in the constitution for filling the full term of such office. All vacancies which may occur during the session of the General Assembly, or may then exist, shall be filled in pursuance of the provisions of this section.

"Where it shall be incumbent upon the Governor to appoint a public officer subject to confirmation of or by and with the advice and consent of the senate, the office shall be deemed vacant at the expiration of the term of such officer, and he shall not hold over until his successor shall have been appointed and confirmed. The Governor may make an appointment to fill such vacancy ad interim, and the appointee shall hold office until the senate shall next convene, when the Governor shall submit an appointment to fill such vacancy to the senate for confirmation; the appointee, if confirmed, shall hold over until the expiration of the term for which he was appointed: Provided, however, the Governor shall not appoint

ad interim any person previously rejected by the senate: and Provided further, that the Governor shall submit to the senate whenever in session the names of appointees to fill all vacancies which shall occur within eight months after the date fixed for the convening of the senate."

Counsel for Floyd relies upon the decision of this court in *Shackelford* v. *West,* supra. It was there held that where the General Assembly creates an office and provides that the officer shall be appointed by the Governor, by and with the advice and consent of the senate, who shall hold his office for the term of four years, under that provision of our law now found in the Code, § 89-105 (to the effect that all officers of this State must discharge the duties of their office until their successors are commissioned and qualified), the office does not expire at the expiration of such term, but the appointee holds over until his successor is commissioned and qualified. That decision further ruled that where, in creating an office, the General Assembly provides that the officer shall be appointed by the Governor, by and with the advice and consent of the senate, a person does not become the successor of another in office by mere executive appointment; and that if the term of the incumbent in office has expired, but he still continues to discharge his duties, there is no such vacancy in the office as will authorize the Governor to fill it by the appointment of a successor without the consent of the senate. That decision was rendered in 1912. By section 116 of the act approved August 28, 1931, known as the State government reorganization act (Ga. L. 1931, p. 7), now codified as a part of § 40-302, which we have quoted above, the state of facts shown by this record made a vacancy in the office of county judge of Quitman County, and expressly empowered the Governor to make an ad interim appointment to fill it. It repealed by implication that part of the Code section, so far as concerned those instances where it was incumbent on the Governor to make an appointment subject to the senate's confirmation, which declared that all officers of this State shall hold over until their successors are commissioned and qualified. The provision in the act of August 28, 1931, above referred to was in effect re-enacted by the act approved February 12, 1938 (Ga. L. 1937-1938, p. 203), wherein it is declared that all appointments authorized by law to be made by the Governor and not submitted to or confirmed by the State senate

since January 1, 1937, or at the special session of 1937-1938, "shall have automatically ceased to hold such office and the same shall be vacant and it shall be the duty of the Governor to fill such vacancy," &c. In view of the statutory changes made in our law since the decision in *Shackelford* v. *West,* supra, we hold that a vacancy did exist in the office of county judge of Quitman County, that the Governor was empowered to make an appointment to fill it, and that the trial court erred in adjudging that Floyd was the rightful holder of the office, and in ousting Kaigler therefrom. See in this connection *Stanley* v. *Sims,* 185 *Ga.* 518, 524 (195 S. E. 439).

*Judgment reversed. All the Justices concur.*