BRACKETT *v.* ETHERIDGE.

No. 13238. MAY 14, 1940.

*George G. Finch,* for plaintiff.

*Frank A. Hooper Jr., Marion Smith, E. W. Moise,* and *Augusline Sams,* for defendant.

ATKINSON, Presiding Justice. Hon. E. D. Thomas, judge of the superior courts of the Atlanta Circuit, died on April 24, 1939, during the term for which he had been commissioned and which would have expired on December 31, 1940. A. L. Etheridge was appointed to, fill the vacancy. At the ensuing general State-wide election held on June 6, 1939, Claud F. Brackett and A. L. Etheridge and several other persons registered as candidates for the said unexpired term. In White and Fannin Counties votes were cast for the election of judge. In the consolidation of the votes so cast Brackett received 848 and Etheridge received 317 votes. The Secretary of State certified the above result. On the basis of this certification Brackett proceeded to take the oath of office before a justice of the peace, and on January 10, 1940, instituted a quo warranto proceeding against Etheridge, to recover the office. The proceeding was dismissed on general demurrer to the petition. The relator excepted.

A controlling question is whether the June election at which Brackett claims to have been elected was one at which under the constitution and laws of this State a judge of the superior court could be elected to fill a vacancy in that office for the balance of an unexpired term. In article 6, section 2, paragraph 8, of the constitution (Code, § 2-3008) it is declared: "The Chief Justice and the Associate Justices of the Supreme Court shall hereafter be elected by the people at the same time and in the same manner as the Governor and the Statehouse officers are elected. . . In case

of any vacancy which causes an unexpired term, the same shall be filled by executive appointment, and the person appointed by the Governor shall hold his office until the next regular election, and until his successor for the balance of the unexpired term shall have been elected and qualified." In *Stephens* v. *Reid,* 189 *Ga.* 372 (3) (6 S. E. 2d, 728), it was held that an election held pursuant to the statute providing for a State-wide general election to be held biennially in June is not the next regular election contemplated by the constitutional provision relating to vacancies in the Supreme Court which are to be filled only for an unexpired term, or until such vacancies are filled at the "next regular election." In *Wood* v. *Arnall,* 189 *Ga.* 362 (6 S. E. 2d, 722), this court construed article 6, section 10, paragraph 1, of the constitution (Code, § 2-3801) that there shall be an attorney-general of this State, who shall be elected by the people at the same time, for the same term, and in the same manner as the Governor; and held that the statute relating to the June general election does not provide for election of attorney-general according to the regular method, and is properly construed as not applying to that office. Referring to judges of the superior courts, the constitution, art. 6, sec. 3, par. 2 (Code, § 2-3102), declares: "The successors to the present and subsequent incumbents shall be elected by the electors entitled to vote for members of the General Assembly of the whole State, *at the general election held for such members,* next preceding the expiration of their respective terms." In art. 6, sec. 3, par. 3 (Code, § 2-3103), it is declared: "Every vacancy occasioned by death, resignation, or other cause shall be filled by appointment of the Governor until the first day of January after the general election held next after the expiration of thirty days from the time such vacancy occurs, at which election a successor for the unexpired term shall be elected." When these provisions of the constitution are construed together, the phrase, "the general election held next after the expiration of thirty days from the time such vacancy occurs," refers to a "general election" held for "members of the General Assembly." This excludes the June election at which the plaintiff claims to have been elected. This being the effect of the constitution, it could not be varied by statute.

The statute does not expressly or by necessary implication declare that it applies to vacancies in the office of judge of the superior

court, and should not be construed in a manner that would render it obnoxious to the provision of the constitution that requires election of judges of the superior court at elections at which members of the General Assembly are elected. This question was not involved or ruled on in *Aycock* v. *State,* 184 *Ga.* 709, where it was held: "The act approved February 24, 1937 (Ga. Laws 1937, p. 712), provides for the holding of *general elections* within the meaning of article 13, section 1, paragraph 1, of the constitution of Georgia (Code, § 2-8601), providing for submission to the people of proposed amendments to the constitution for ratification at the 'next general election.'" A constitutional amendment for the issue of bonds, as involved in that case, could have been submitted at any "general election;" whereas in the instant case election of a judge of the superior court is required by the constitution to be at a particular general election at which members of the General Assembly are to be elected. Consequently the relator's claim of election must fail. The fact that both Brackett and Etheridge registered as candidates for the office in the June election did not affect the case. *Britton* v. *Bowden,* 188 *Ga.* 806 (6) (5 S. E. 2d, 47).

The decision in *Pittman* v. *Ingram,* 184 *Ga.* 255 (190 S. E. 791), is not a precedent that affects the instant case. The controlling question there involved was whether there was a vacancy in the office; whereas in the instant case, Judge Thomas died while in office, thereby creating a vacancy, as to which there is no question. The case differs also from *Mitchell* v. *Pittman,* 184 *Ga.* 877 (194 S. E. 369), in which the Justices were divided as to whether the June election was applicable, and in which four opinions were delivered. In that case, there was no death of an incumbent followed by appointment of a successor, as in the instant case. Each of the four opinions was based upon the peculiar facts there under consideration. The present decision does not conflict with any of such opinions, as a careful reading and comparison will show. The petition failed to allege a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*