## UPSON *v.* ALMAND.

No. 13189. MAY 14, 1940. REHEARING DENIED JUNE 14, 1940.

*Dorsey Davis, W. G. Cornett, Wolver M. Smith,* and *John B. Gamble,* for plaintiff.

*Tolnas & Middlebrooks* and *Erwin & Nix,* for defendant.

ATKINSON, Presiding Justice. 1. The special laws (Ga. L. 1878-1879, p. 291; Ga. L. 1894, p. 212) provide for appointment by the Governor "by and with the advice and consent of the Senate" of a solicitor of the city court of Athens for the term of four years, making no provision for tenure after expiration of the term by an incumbent until his successor shall be elected and qualified. The general law (Ga. L. 1931, p. 7, section 116) now found in the Code, § 40-302, par. 2, provides: "Where it shall be incumbent upon the Governor to appoint a public officer subject to confirmation of or by and with the advice and consent of the Senate, the office shall be deemed vacant at the expiration of the term of such officer, and he shall not hold over until his successor shall have been appointed and confirmed." *Held:*

(a) This general law is repugnant to and repeals that part of another general law embodied in the Code, § 89-105, which declares: "All officers of this State shall . . discharge the duties of their offices until their successors are commissioned and qualified," in so far as that provision might apply to public officers appointed by the Governor subject to confirmation by the Senate. *Kaigler* v. *Floyd,* 187 *Ga.* 441, 444-445 (200 S. E. 784). The principle was recognized also in *Britton* v. *Bowden,* 188 *Ga.* 806 (3) (5 S. E. 2d, 47).

(b) Since passage of the act of 1931 (Ga. L. 1931, pp. 7, 45,

sec. 116), the decision in *Shackelford* v. *West*, 138 *Ga.* 159 (74 S. E. 1079), and similar decisions in other cases, as in *Stephenson* v. *Powell*, 169 *Ga.* 406 (150 S. E. 641), and citations collected in *Pittman* v. *Ingram*, 184 *Ga.* 255, 257 (190 S. E. 794), ruling, on the basis of statutory laws as distinguished from the constitution, that the officer holds over after expiration of his prescribed term until a successor has been selected and qualified, are not applicable, as in the instant case where the officer was appointed by the Governor subject to confirmation by the Senate.

(c) The general law quoted above from the Code, § 40-302, is by implication written into the above-cited special laws creating the office of solicitor of the city court of Athens and becomes a part thereof. This applies a principle ruled in *Stowe* v. *Newborn*, 127 *Ga.* 421 (3) (56 S. E. 516); *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399 (5) (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83); *Town of Poulan* v. *Atlantic Coast Line Railroad Co.*, 123 *Ga.* 605 (4) (51 S. E. 657); *Glidden Co.* v. *Collins*, 189 *Ga.* 656 (7 S. E. 2d, 266).

(d) Accordingly under the above-cited special laws as augmented by the above-quoted general law (Ga. L. 1931, pp. 7, 45, sec. 116, Code, § 40-302), the relator in the instant case did not, in virtue of his original appointment by the Governor, acquire a right to hold the office of solicitor of the city court of Athens over and beyond his prescribed term of four years.

(e) Neither does the provision in section 3 of the special act approved February 8, 1939, supra, amending the several acts creating the city court of Athens, that the present incumbent as solicitor shall hold office until his "present commission expires" extend his right of tenure beyond the prescribed term of four years or until his successor is commissioned and qualified.

(f) The allegation in the petition to the effect that relator's term of office extended by operation of law beyond the prescribed four years and until his successor shall be elected and qualified is to be regarded as statement of a conclusion not supported by the law as embodied in the statutes.

2. As indicated in division 1(e) above, the former original and amendatory acts relating to establishment of the city court of Athens were amended by act approved February 8, 1939 (Ga. L. 1939, p. 447). In section 1 of that act it is provided that the

solicitor of that court shall be elected by "the qualified voters" of Clarke County. This, considered in connection with section 2 of the act providing for election of a solicitor at the June general election, does not provide that voters in counties other than Clarke County can vote for the solicitor. The fact that in thirty counties of the State, other than Clarke County, votes were cast for the relator which if added to the votes he received in Clarke County would give him a majority, can not affect the case.

3. In section 2 of the above-mentioned act of 1939 it is declared: "That on June 6, 1939, at the June general election, as fixed by the act of the legislature approved Februray 24, 1937 (Georgia Laws 1937, page 712 et seq.), or at a special election on said date to be called by the ordinary of Clarke County, if for any reason a June general election is not held, there shall be elected a . . solicitor for said court by the qualified voters of said county, and the . . solicitor so elected shall be elected for a term of four years to begin September 12, 1939, and their successors shall be elected at the regular general election at which the other officers of Clarke County are elected." A "June general election" as mentioned in the act was held, at which the respondent was elected and on which he bases his claim of right to the office of solicitor. No special election was called by the ordinary, and no election was held separately and apart from the June general election. *Held:*

(*a*) The word "at" as employed in the above phrase "at the June general election," contained in section 2 of the act, should be construed in connection with the context. *Minter* v. *State,* 104 *Ga.* 743, 753-754 (30 S. E. 989); *Jenkins* v. *State,* 4 *Ga. App.* 859, 861 (62 S. E. 574). It is used in this statute as a synonym of "in." The clear meaning of the statute, as it relates to the office of solicitor of the court, is that a solicitor shall be elected "at" or "in" the June general election and as part thereof. It is only in the event that such election was not held on June 6, 1939, that the provision for a special election shall apply.

(*b*) By thus designating the June general election "at" (or "in") which the solicitor shall be elected, the legislative intent is necessarily implied to submit the selection of a solicitor to the qualified voters of Clarke County voting in that election, according to the general laws and methods of regulating registration and qualification of voters at said general election.

(c) The provision of the special or local law for election of the solicitor of the city court of Athens at the June general election did not purport to amend the general law. Neither did it purport, in event a June general election was held, to provide for a special election within the meaning of the Code, §§ 34-1701, 34-1702 (providing for elections to fill vacancies for members of the General Assembly and other special elections), nor within the meaning of § 34-407 (providing for additional registration lists for special elections). It follows that the special statute, considered in connection with the general law providing for the June general election, is not wanting in rules, regulations, or machinery for electing a solicitor of the city court of Athens.

(d) As indicated above in division 1(c), the general law (Code, § 40-302, enacted in 1931) by implication became part of the special law, and thus provided machinery for election of a solicitor for the city court of Athens. The general law had not been enacted at the time of the decision in *Cook* v. *State,* 137 *Ga.* 486 (3) (73 S. E. 672), decided in 1912; holding that the local law considered in connection with the general law then existing did not provide machinery for a local election, and followed in *Dooly* v. *Fairmount,* 146 *Ga.* 689 (92 S. E. 209), decided in 1917. Consequently those decisions are not applicable in the instant case.

4. Construing the special and general law as indicated in the preceding divisions, the part of section 2 of the act of 1939 (Ga. L. 1939, p. 447) "that on June 6, 1939, at the June general election, as fixed by the act of the legislature approved February 24, 1937, Georgia Laws 1937, page 712 et seq., . . there shall be elected a . . solicitor for said court by the qualified voters of said county, and the . . solicitor so elected shall be elected for a term of four years to begin September 12, 1939," is not void, as alleged, on the grounds stated as follows: (a) It seeks to engraft on the general law (known as the June general-election law) by adding thereto a special election of local officers for Clarke County; and if so construed, it would be amending a general law by a special law, in violation of article 1, section 4, paragraph 1, of the constitution of this State. Code, § 2-401. (b) If it should be construed as authorizing election of a solicitor of the city court of Athens at and as part of the said June general election, it would be in conflict with the general law governing the holding of special

elections, especially Code § 34-407, which allows registration of voters for special elections at later dates than in general elections, and would be in violation of article 1, section 4, paragraph 1, of the constitution.

5. The foregoing reveals in substance the allegations which are more elaborately stated in the application for leave to file information in the nature of quo warranto and in the petition and several amendments. Under application of the principles stated it does not appear that the election was void, or that respondent was not entitled to the office. The judge did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*